**LINK:**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-03418 BRO (SSx)** | Date | October 28, 2013 |
|---|---|---|---|
| Title | UBS BANK USA V. BROCK PIERCE | | |

Present: The Honorable  **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS)

### ORDER TO SHOW CAUSE RE PROPER SERVICE

Pending before the Court is Plaintiff UBS Bank USA's motion for default judgment against Defendant Brock Pierce, an individual.  (Dkt. No. 12.)  Plaintiff is seeking $120,126.24 in damages for breach of contract, and $6,002.52 in attorneys' fees. Nevertheless, Plaintiff evidently has failed to properly serve Defendant in this lawsuit. Accordingly, the Court orders Plaintiff to show cause why its motion should not be denied for failure to properly serve Defendant.

## I.     PROCEDURAL HISTORY

On May 13, 2013, UBS Bank filed this action against Defendant, alleging three causes of action: (1) breach of contract; (2) account stated; and (3) unjust enrichment. (Dkt. No. 1.)  In its prayer for relief, UBS Bank demands judgment against Defendant in an amount not less than $120,126.24.  (Compl. 6.)

On June 11, 2013, UBS Bank filed with the Court a proof of service for the summons and complaint.  (Dkt. No. 6.)  Evidently, UBS Bank attempted to serve Plaintiff personally on three separate occasions at his home, and twice at his business, but to no avail.  (*See* Proof of Service, Dkt. No. 6.)  Finally, UBS Bank served Defendant by leaving a copy of the summons and complaint with Michael Steuer, the chief technology officer at Defendant's place of business, and mailing a copy of the summons and complaint to Defendant.  (*See id.*)

---

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-03418 BRO (SSx)** | Date | October 28, 2013 |
|---|---|---|---|
| Title | UBS BANK USA V. BROCK PIERCE | | |

Defendant has not appeared in this action.  Consequently, on August 16, 2013, the clerk of the Court entered default against Defendant, upon Plaintiff's request.  (Dkt. No. 10.)  On October 7, 2013, UBS Bank filed the instant motion for default judgment against Defendant.  (Dkt. No. 12.)

## II.    DISCUSSION

Service of process is not just another item on a litigant's procedural checklist.  At the core of proper service of a summons and complaint on a prospective defendant is the fulfillment of an essential element of our judicial system, an element required to establish in personam jurisdiction over the defendant, an element whose absence would render a judgment null and void: this element is due process.  Indeed, as the Supreme Court articulated long ago, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonable calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  "The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance."  *Id.* (internal citations omitted).  Undoubtedly with this concept in mind, the Supreme Court promulgated Rule 4 of the Federal Rules of Civil Procedure, which establishes the mechanisms by which a litigant may effect proper service of process.  *See* 28 U.S.C. § 2072.

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, there are four methods by which service of process may properly be effected.  Fed. R. Civ. P. 4(e).  For example, a plaintiff may (1) deliver a copy of the summons and complaint to the individual personally, (2) leave a copy of each at the individual's residence "with someone of suitable age and discretion who resides there," or (3) deliver a copy to an agent authorized by law to receive service of process.  Fed. R. Civ. P. 4(e)(2).  Here, it does not appear Plaintiff satisfied any of these methods.  On the proof of service provided by Plaintiff, it indicates Defendant was served "by substituted service."  (Dkt. No. 6.)  The address where service was allegedly effected is Defendant's business address.  (Dkt. No. 6.)  The notice also indicates that the process server left copies of the summons and complaint with "Michael Steuer, Chief Technology Officer."  Yet, although Mr. Steuer,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-03418 BRO (SSx)** | | Date | October 28, 2013 |
|---|---|---|---|---|
| Title | UBS BANK USA V. BROCK PIERCE | | | |

as an executive officer in a corporation, possibly is authorized as an agent to receive service of process *on behalf of a corporation*, Defendant Brock Pierce is not a corporation, and therefore Mr. Steuer is not *his* agent.  Accordingly, Mr. Steuer would not be authorized to receive service of process on behalf of Defendant as an individual.

    Nevertheless, Rule 4(e) also permits a plaintiff to serve a defendant by "following state law for serving a summons in an action brought . . . in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  In California, one of the ways service of process may be effected is by mail.  Cal. Code Civ. P. § 415.30.  The plaintiff must mail "[a] copy of the summons and of the complaint . . . to the person to be served, together with two copies of the notice and acknowledgment."  Cal. Code Civ. P. § 415.30(a).  Here, Plaintiff evidently attempted to serve Defendant pursuant to section 415.30 as well.  (*See* Dkt. No. 6.)  The affidavit of reasonable diligence attached to the proof of service indicates that the process server "[m]ailed [a] copy of [the] [d]ocuments to: BROCK PIERCE, AN INDIVIDUAL."  (Dkt. No. 6.)  Nevertheless, merely sending the summons and complaint by mail is insufficient to satisfy section 415.30.  "Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed."  Cal. Code Civ. P. § 415.30(c).  And although Plaintiff may have taken all the steps required to satisfy section 415.30,[1] it is nevertheless unclear whether service of process was actually complete: Plaintiff neither alleges the acknowledgment was returned, nor does it provide a copy of the acknowledgment as proof that it was indeed executed.

    The Court is mindful that the California Supreme Court has directed its courts to liberally construe the rules governing service of process "to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant." *Pasadena Medi-Center Assoc. v. Superior Court*, 9 Cal. 3d 773, 778 (1979).  However, notice alone does not confer personal jurisdiction—the law requires "substantial compliance with the statutory requirements for service of summons".  *Mannesmann DeMag, Ltd. v. Superior Court*, 172 Cal. App. 3d 1118, 1124 (1985).  Substantial compliance with the rules regarding service of process requires at least some compliance.

---

[1] It is also unclear, however, whether Plaintiff did in fact take all of the steps necessary to satisfy section 415.30.  The affidavit merely states that the documents were mailed to Defendant.  Pursuant to section 415.30, Plaintiff must have mailed a copy of the summons and complaint, two copies of the notice and acknowledgment, and a return envelope with prepaid postage that is addressed to Plaintiff.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-03418 BRO (SSx)** | | Date | October 28, 2013 |
|---|---|---|---|---|
| Title | UBS BANK USA V. BROCK PIERCE | | | |

*Carol Gilbert, Inc. v. Haller*, 179 Cal. App. 4th 852, 865 (2009).  There must have been a high probability the service would "impart the same notice as full compliance."  *Id.*  And "it must in fact have imparted such notice, or at least sufficient notice to put the defendant on his defense."  *Id.*  Nevertheless, here, it is not clear to the Court that Defendant did receive actual notice.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why its motion for entry of default judgment should not be denied for failure to satisfy proper service of process. Plaintiff must respond no later than **Wednesday, October 30, 2013 at 4:00 p.m.**  Failure to respond by this time will be deemed consent to denial of the motion.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |