LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-03418 BRO (PLAx) | Date | November 15, 2013 |
|---|---|---|---|
| Title | UBS BANK USA V. BROCK PIERCE | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**      (IN CHAMBERS)

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [12]

Pending before the Court is Plaintiff UBS Bank USA's motion for default judgment against Defendant Brock Pierce, an individual. (Dkt. No. 12.) Plaintiff is seeking $120,126.24 in damages for breach of contract, and $6,002.52 in attorneys' fees. After consideration of the papers filed in support of the Motion for Default Judgment, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Plaintiff's motion is GRANTED.

### I.   BACKGROUND

#### A. Factual Background

Plaintiff UBS Bank is a Utah industrial bank with its principal place of business in Salt Lake City, Utah. (Compl. ¶ 1.) Defendant is an individual whose last known residence is Venice, California. (Compl. ¶ 2.)

At some point, UBS Bank and Defendant entered into a "Cardmember" agreement wherein "UBS Bank would advance credit to Defendant under a Visa signature credit card account." (Compl. ¶ 6.) Among other provisions, the Cardmember agreement requires Defendant to make timely monthly payments to UBS Bank. (Compl. ¶ 7.) Each month, UBS Bank evidently sends to Defendant an invoice indicating the minimum payment required to satisfy the credit UBS Bank had previously advanced to him. (Compl. ¶ 7.) The agreement also provides that if Defendant fails to make the minimum

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-03418 BRO (PLAx) | Date | November 15, 2013 |
|---|---|---|---|
| Title | UBS BANK USA V. BROCK PIERCE | | |

monthly payments by the date indicated on the monthly invoices, the entire outstanding balance owed may be accelerated and therefore due immediately. (Compl. ¶ 8.)

Pursuant to his agreement with UBS Bank, Defendant accumulated a net balance of $120,126.24 as of September 23, 2011. (Compl. ¶ 10.) This figure includes principal amounts advanced, as well as interest. (Compl. ¶ 10.) UBS Bank has demanded that Defendant pay the balance, but he has yet refused. (Compl. ¶ 11.) Defendant's refusal to pay the total net balance is a breach of his agreement with UBS Bank. (Compl. ¶ 12.)

### B. Procedural History

On May 13, 2013, UBS Bank filed this action against Defendant, alleging three causes of action: (1) breach of contract; (2) account stated; and (3) unjust enrichment. (Dkt. No. 1.) In its prayer for relief, UBS Bank demands judgment against Defendant in an amount not less than $120,126.24. (Compl. 6.)

On June 11, 2013, UBS Bank filed with the Court a proof of service for the summons and complaint. (Dkt. No. 6.) Evidently, UBS Bank attempted to serve Plaintiff personally on three separate occasions at his home, and twice at his business. (*See* Proof of Service, Dkt. No. 6.) Finally, UBS Bank served Defendant through substituted service by leaving a copy of the summons and complaint with Michael Steuer, the chief technology officer at Defendant's place of business, and mailing a copy of the summons and complaint to Defendant at his business address. (*See id.*)

Defendant has not appeared in this action. Consequently, on August 16, 2013, the clerk of the Court entered default against Defendant. (Dkt. No. 10.) On October 7, 2013, UBS Bank filed a motion for default judgment against Defendant. (Dkt. No. 12.)

## II.  LEGAL STANDARD

A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment. *See Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986). Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court *may* enter default judgment against a party following the Clerk's entry of default. Indeed, a district court

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-03418 BRO (PLAx) | Date | November 15, 2013 |
|---|---|---|---|
| Title | UBS BANK USA V. BROCK PIERCE | | |

has discretion in deciding whether to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the court may consider a number of factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). On a motion for default judgment, the factual allegations in the plaintiff's complaint are deemed to be true, except those relating to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

Additionally, in the Central District, a plaintiff seeking default judgment must satisfy the requirements of Local Rule 55. Local Rule 55-1 requires the movant to file a declaration setting forth: (1) when and against what party the default was entered (2) the identification of the pleadings to which the default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so whether that person is represented; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required. L.R. 55-1.

### III. DISCUSSION

In considering Plaintiff's motion for default judgment, the Court will consider three things: (1) whether Plaintiff has satisfied the requirements of Rule 55 and Local Rule 55-1; (2) whether the *Eitel* factors weigh in favor of granting default judgment; and (3) whether the relief requested is warranted.

#### A. Rule 55 and Local Rule 55-1

Plaintiff has satisfied the procedural requirements of Federal Rule of Civil Procedure 55(b)(2) as well as Local Rule 55-1. Together with its motion, Plaintiff includes a declaration asserting that default was entered against Defendant Brock Pierce on August 16, 2013, regarding the summons and complaint that were filed on May 13,

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-03418 BRO (PLAx) | Date | November 15, 2013 |
|---|---|---|---|
| Title | UBS BANK USA V. BROCK PIERCE | | |

2013.[1] (Hernandez Decl. ¶¶ 3–4.) Plaintiff declares that Defendant is not an infant or incompetent person, nor is he a servicemember. (Hernandez Decl. ¶¶ 5–6.) Finally, Plaintiff has affirmed that notice has been served on the defaulting party through service of the summons and complaint. (Hernandez Decl. ¶ 7.)

### B. *Eitel* Factors

Upon reviewing the *Eitel* factors, the Court finds they weigh in favor of granting default judgment against Defendant. The Court will discuss each factor in turn.

#### *1. First Factor: Prejudice to Plaintiff*

The first *Eitel* factor requires the Court to judge whether withholding default judgment would prejudice Plaintiff. Here, this factor is clearly satisfied. From the allegations in Plaintiff's complaint, Defendant is in default on his credit agreement with Plaintiff. (Compl. ¶ 10.) Defendant has failed, and continues to fail, to make an appearance in this lawsuit. (Compl. ¶ 11.) Therefore, if Defendant is not made to repay the principal amounts he borrowed, and the interest and penalties he agreed he would pay, Plaintiff will be prejudiced.

#### *2. Second and Third Factors: Merits of Plaintiff's Substantive Claim, and Sufficiency of the Complaint*

Under the second and third *Eitel* factors, the Court determines whether Plaintiff's substantive claims have merit, and whether the allegations are sufficiently pled. The Court finds both of these elements are met. In its complaint, Plaintiff alleges three causes of action: (1) breach of contract; (2) account stated; and (3) unjust enrichment. The Court will discuss in turn each cause of action and its supporting allegations.

---

[1] The declaration actually indicates "[a] default *judgment* was entered against defendant Brock Pierce." (Hernandez Decl. ¶ 3 (emphasis added).) This is obviously erroneous, as Plaintiff is currently seeking default *judgment*. It appears this was merely an error. (*See* Dkt. No. 10.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-03418 BRO (PLAx)** | Date | November 15, 2013 |
|---|---|---|---|
| Title | UBS BANK USA V. BROCK PIERCE | | |

(a) First Cause of Action: Breach of Contract

In its first cause of action, Plaintiff alleges Defendant is liable for breach of contract. (Compl. ¶¶ 13–16.) Under California law, a claim for breach of contract includes four elements: (1) a contract exists between the parties; (2) the plaintiff performed its contractual duties or was excused from performing; (3) the defendant breached its contractual duties; and (4) plaintiff's damages resulted from the breach. *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (1968). Plaintiff has pled facts to support each of these elements.

For example, the first element is satisfied because Plaintiff and Defendant "are parties to a certain Cardmember Agreement [whose] terms and conditions [provide that] UBS Bank would advance credit to Defendant under a Visa signature credit card account." (Compl. ¶ 6.) The second element is satisfied because "UBS Bank and/or its predecessor(s) in interest have advanced certain credit to Defendant under the Account." (Compl. ¶ 9.) Finally, the third and fourth elements are also met because "there is an outstanding balance due and owing from Defendant to UBS Bank in the amount of $120,126.24 as of September 23, 2011," but "[d]espite UBS Bank's demand, Defendant has failed and refused to pay the outstanding Account Balance, as required by the Cardmember Agreement." (Compl. ¶¶ 10–11.)

(b) Second Cause of Action: Account Stated

In its second cause of action, Plaintiff alleges a claim for account stated. (Compl. ¶¶ 17–19.) An account stated claim has three elements: (1) prior transactions between the parties establish a relationship of debtor and creditor; (2) there is an agreement between the parties, either express or implied, to pay the amount due; and (3) the debtor expressly or impliedly promised to pay the amount due. *Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 600 (1969). Plaintiff has pled facts to support each of these elements.

For example, the very essence of Plaintiff and Defendant's relationship was that of creditor and debtor: Plaintiff extended credit to Defendant, and Defendant was to pay back the credit advances. (Compl. ¶¶ 6–8.) Additionally, Plaintiff extended credit to Defendant, which Defendant failed to repay, making him indebted to Plaintiff. (Compl.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-03418 BRO (PLAx) | Date | November 15, 2013 |
|---|---|---|---|
| Title | UBS BANK USA V. BROCK PIERCE | | |

¶ 9–11.) Finally, in their agreement, Defendant promised to repay Plaintiff for the credit extended to him. (Compl. ¶¶ 7–8.)

### (c) Third Cause of Action: Unjust Enrichment

In its third cause of action, Plaintiff alleges unjust enrichment. (Compl. ¶¶ 20–22.) Under California law, there are two elements for an unjust enrichment claim: (1) receipt of a benefit; and (2) the unjust retention of the benefit at the expense of another. *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008). Both of these elements are satisfied. Defendant received a benefit when Plaintiff extended credit to him. (Compl. ¶ 9.) Additionally, Defendant has unjustly retained that benefit at Plaintiff's expense by failing to repay the amount borrowed. (Compl. ¶ 10–12.)

Accordingly, whereas Plaintiff has alleged three separate causes of action, and includes facts to support each claim, the second and third *Eitel* factors are satisfied.

### 3. *Fourth Factor: Sum of Money at Stake in the Action*

Under the fourth *Eitel* factor, the Court must consider the sum of money sought by the Plaintiff. Here, the Court finds that the sum of damages claimed is reasonably proportionate to the harm caused by Defendant's conduct. In fact, Plaintiff seeks only what is rightfully due under its agreement with Defendant. Defendant agreed to repay any amount of credit extended through the $100,000 credit line. (Ingman Decl. Exs. 1–2.) Additionally, Defendant agreed to be responsible for any interest and late fees or penalties assessed to his credit account. (Ingman Decl. Exs. 1–2.) According to Defendant's last statement, as submitted by Plaintiff, his statement balance indicated he owed $120,126.24 to Plaintiff. (Mot. Ex. 3.) This is precisely the amount Plaintiff now seeks in damages.

### 4. *Fifth Factor: Possibility of Dispute Concerning Material Facts*

Under the fifth *Eitel* factor, the Court must consider whether there is a high possibility Defendant could dispute the material facts. Here, the Court finds that there is little chance for a dispute as to the material facts. Indeed, the facts of this case are fairly

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-03418 BRO (PLAx) | Date | November 15, 2013 |
|---|---|---|---|
| Title | UBS BANK USA V. BROCK PIERCE | | |

simple: Defendant opened a revolving credit line with Plaintiff, and after expending nearly $100,000, defaulted on his agreement. Moreover, when "a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning materials facts is remote." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). As discussed above, Plaintiff alleged facts to support each of the factors of the causes of action asserted against Defendant. Accordingly, there is little chance that Defendant might challenge the material facts alleged.

### 5. *Sixth Factor: Excusable Neglect*

Under the sixth *Eitel* factor, the Court considers excusable neglect. "This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign Inc. v. IFG Holdings Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Here, as thoroughly explained in its response to the Court's October 28, 2013 order to show cause, Plaintiff has demonstrated that Defendant was properly served.[2] (*See* Dkt. No. 16.) Furthermore, Defendant has also served Defendant with this motion for default judgment at his home address, as well as his business address. Therefore, there is little possibility that Defendant's failure to appear in this lawsuit is due to excusable neglect.

### 6. *Seventh Factor: Policy of Favoring Decisions on the Merits*

Under the seventh *Eitel* factor, the Court asks whether the strong policy favoring decisions on the merits of a case would prevent entry of default judgment. *See Eitel*, 782 F.2d at 1472; *Wecosign*, 845 F. Supp. 2d at 1083. Where a defendant fails to appear in a lawsuit and respond to the complaint, a decision on the merits is at least impracticable and at most impossible. *See Wecosign*, 845 F. Supp. 2d at 1083. Therefore, because Defendant has failed to appear in this action, default judgment is not precluded by the policy of deciding a case on the merits.

---

[2] On October 28, 2013, the Court issued an order to show cause regarding proper service of process. (Dkt. No. 15.) Plaintiff responded on October 30, 2013, satisfactorily demonstrating its compliance with California Code of Civil Procedure § 415.20. Thus, although it is not clear that Defendant has actual knowledge of this lawsuit, it is clear that he was served in accordance with California law.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-03418 BRO (PLAx) | Date | November 15, 2013 |
|---|---|---|---|
| Title | UBS BANK USA V. BROCK PIERCE | | |

### C. Requested Relief

In its motion, Plaintiff seeks judgment for damages totaling $120,126.24, as well as attorneys' fees amounting to $6,002.52. The Court will separately address each request.

#### *1. Damages*

To calculate damages on a motion for default judgment, the Court takes all of Plaintiff's well-pleaded allegations of injury as true. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). The Court "must make specific findings of fact in assessing damages." *Moroccanoil, Inc. v. Allstate Beauty Prods., Inc.*, 847 F. Supp. 2d 1197, 1202 (C.D. Cal. 2012).

Here, Plaintiff seeks damages in the amount of $120,126.24. To support this figure, Plaintiff includes a credit card statement addressed to Mr. Brock Pierce, dated November 25, 2011. (Mot. Ex. 3.) The account statement indicates the balance owed is $120,126.24. (*Id.*) In a lack of clarity, it also indicates that as of November 25, 2011, $31,346.50 is past due. (*Id.*) Nevertheless, Plaintiff provides clarifying information in a supporting declaration.

In the declaration, Plaintiff further indicates the $120,126.24 balance consists of $95,567.87 in principal credit advances and $25,558.37 in interest and late payment fees. (Ingman Decl. ¶ 22.) Defendant has not made any payments to UBS Bank since February 14, 2011, thereby defaulting on his agreement with Plaintiff on March 23, 2011. (Ingman Decl. ¶¶ 19–20.) Consequently, UBS Bank revoked and terminated Defendant's account on June 24, 2011. Therefore, although the account statement indicated only $31,346.50 was past due in November 2011, it is clear from Plaintiff's supporting declaration that Defendant has not paid anything on the account since February 2011, and thus continues to owe the entire account balance. Accordingly, taking the account statement and the supporting declaration together, the Court finds that Defendant has breached his agreement with Plaintiff, is a debtor to Plaintiff, and has been unjustly enriched as a result. Therefore, the Court finds Plaintiff has provided sufficient evidence to support the damage award sought.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-03418 BRO (PLAx) | Date | November 15, 2013 |
|---|---|---|---|
| Title | UBS BANK USA V. BROCK PIERCE | | |

### 2. *Attorneys' Fees*

In addition to the damage award sought, Plaintiff seeks attorneys' fees in the amount of $6,002.52. According to Local Rule 55-3, on default judgment, a plaintiff seeking over $100,000 in damages is entitled to $5,600 and 2% of the damage award exceeding $100,000. Here, Plaintiff is seeking $120,126.24 in damages. Therefore, it is entitled to $5,600 and two percent of $20,126.24. Two percent of that figure amounts to $402.52. The sum of $5,600 and $402.52 is $6,002.52. Accordingly, Plaintiff's request for attorneys' fees is appropriate.

### IV. CONCLUSION

In short, upon reviewing the *Eitel* factors, the Court finds that default judgment in Plaintiff's favor is warranted. Additionally, the Court finds that Plaintiff has adequately supported its request for damages and attorneys' fees. Therefore, the Court GRANTS Plaintiff's motion for default judgment.

The Plaintiff is ORDERED to lodge a Proposed Judgment consistent with this order no later than November 25, 2013.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |